**MCGUIREWOODS LLP**
Adam F. Summerfield (SBN # 259842)
1800 Century Park East
8th Floor
Los Angeles, CA  90067-1501
Telephone:  310.315.8200
Facsimile:  310.315.8210

Attorneys for Defendant BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| VIRGINIA FERNANDEZ, an individual,<br><br>      Plaintiff,<br><br>      vs.<br><br>BANK OF AMERICA, N.A., national association; and DOES 1 through 20, inclusive,<br><br>      Defendants. | **Case No. 8:14-cv-01765-AG-RNB**<br><br>**BANK OF AMERICA, N.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br>**[Diversity Jurisdiction – 28 U.S.C. § 1332]**<br><br>(Removed from Orange County Superior Court Case No. 30-2014-00726682-CU-FR-CJC)<br><br>Date:  January 26, 2015<br>Time: 10:00 a.m.<br>Courtroom: 10D |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that on January 26, 2015 at 10:00 a.m. in Courtroom 10D of the Courthouse located at 411 West Fourth Street, Santa Ana, CA 92701, the Honorable Andrew Guilford, United States District Judge, presiding, Defendant Bank of America, N.A. ("BANA") will move to dismiss Plaintiff's Complaint.

This motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff's allegations do not state any judiciable

1 | claim for relief.  This motion is based upon this Notice, the attached Memorandum
2 | of Points and Authorities, the concurrently filed request for judicial notice, the
3 | pleadings and records on file, and any additional written or oral evidence presented
4 | at the time of hearing.
5 |       This motion is made following the conference of counsel pursuant to Local
6 | Rule 7-3, which took place on November 11, 2014.  This did not obviate the need
7 | for the instant motion.
8 |
9 |
10 | DATED: December 12, 2014       Respectfully Submitted,
11 |
12 |       MCGUIREWOODS LLP
13 |
14 |       By:     */s/ Adam F. Summerfield*
15 |       Adam F. Summerfield
16 |       Attorneys for Defendant
17 |       BANK OF AMERICA, N.A.
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

1

# **TABLE OF CONTENTS**

2

**Page**

3

TABLE OF AUTHORITIES ...................................................................... ii

4

I.      INTRODUCTION ......................................................................... 1

5

II.     STATEMENT OF FACTS ............................................................ 1

6

7

III.    STANDARD OF REVIEW ........................................................... 2

8

IV.     PLAINTIFF'S FRAUD CLAIM MUST FAIL ............................ 2

9

V.      PLAINTIFF'S NEGLIGENCE CLAIM MUST FAIL ................. 4

10

11

VI.     PLAINTIFF'S UNFAIR BUSINESS PRACTICES CLAIM FAILS ............. 8

12

        A.      Plaintiff cannot state a Claim for "Unlawful" Acts or Practices ........... 8

13

        B.      Plaintiff cannot state a Claim for "Unfair" Acts or Practices ............... 9

14

        C.      Plaintiff cannot state a Claim for "Fraudulent" Acts or Practices ......... 9

15

        D.      Plaintiff lacks Standing to assert a Claim under the UCL .................... 9

16

17

VII.    PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED

18

        COVENANT OF GOOD FAITH AND FAIR DEALING FAILS ............... 10

19

VIII.   PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM FAILS ...................... 11

20

IX.     PLAINTIFF'S ACCOUNTING CLAIM FAILS ............................ 12

21

X.      CONCLUSION .............................................................................. 13

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Ansanelli v. JP Morgan Chase Bank, N.A.,*
    U.S. Dist. LEXIS 32350 (N.D. Cal. 2011) ..........................................................7

*Armstrong v. Chevy Chase Bank, FSB,*
    2012 U.S. Dist. LEXIS 144125 (N.D. Cal. 2012) ..............................................6

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...............................................................................................2

*Becker v. Wells Fargo Bank, N.A., Inc.,*
    2012 U.S. Dist. LEXIS 170729 (E.D. Cal. 2012)...............................................7

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)...............................................................................................2

*Bunce v. Ocwen Loan Servicing, LLC,*
    2013 U.S. Dist. LEXIS 100111 (E.D. Cal. 2013)...............................................6

*Cahill v. Liberty Mut. Ins. Co.,*
    80 F.3d 336 (9th Cir. 1996) ..................................................................................2

*Coyotzi v. Countrywide Financial Corp.,*
    Case No. CV F 09-1036 LJO SMS, 2009 WL 2985497 (E.D. Cal., Sept. 16,
    2009) ....................................................................................................................12

*Delacruz v. Cytosport, Inc.,*
    2012 U.S. Dist. LEXIS 51094 (N.D. Cal. 2012) ................................................9

*DeLeon v. Wells Fargo Bank, N.A.,*
    2010 U.S. Dist. LEXIS 112941 (N.D. Cal. 2010) ..............................................7

*Diunugala v. JP Morgan Chase Bank, N.A.,*
    2013 U.S. Dist. LEXIS 144326 (S.D. Cal. 2013).................................................6

*Dooms v. Fed. Home Loan Mortg. Corp.,*
    2011 U.S. Dist. LEXIS 38550 (E.D. Cal. 2011)..................................................6

*Gamboa v. Tr. Corps & Cent. Mortg. Loan Svcg. Co.,*
  2009 U.S. Dist. LEXIS 19613 (N.D. Cal. Mar. 12, 2009)......................1

*Garcia v. Ocwen Loan Servicing, LLC,*
  2010 U.S. Dist. LEXIS 45375 (N.D. Cal. 2010) .................................7

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.,*
  100 F. Supp. 2d 1086 (C.D. Cal. 1999) .............................................2

*Hafiz v. Greenpoint Mortg. Funding, Inc.,*
  652 F. Supp. 2d 1039 (N.D. Cal. 2009) ........................................... 13

*Juarez v. Suntrust Mortgage, Inc.,*
  2013 U.S. Dist. LEXIS 67850 (C.D. Cal. May 13, 2013) (O'Neill, J.)...............6

*Kennedy v. Bank of Am., N.A.,*
  2012 U.S. Dist. LEXIS 58636 (N.D. Cal. 2012) ................................6

*Lozano v. AT&T Wireless Servs.,*
  504 F.3d 718 (9th Cir. 2007) ...........................................................9

*Manzarek v. St. Paul Fire & Marine Ins. Co.,*
  519 F.3d 1025 (9th Cir. 2008) .........................................................2

*McFadden v. Deutsche Bank Nat'l. Trust Co.,*
  2011 U.S. Dist. LEXIS 91010 (E.D. Cal. 2011)..............................5

*Moore v. Kayport Package Express, Inc.,*
  885 F.2d 531 (9th Cir. 1989) ...........................................................3

*Nymark. Deschaine v. IndyMac Mortg. Servs.,*
  2013 U.S. Dist. LEXIS 163203 (E.D. Cal. 2013)............................6

*Pantoja v. Countrywide Home Loans, Inc.,*
  640 F.Supp.2d 1177 (N.D. Cal. 2009)............................................ 12

*Quinteros v. Aurora Loan Services,*
  740 F.Supp.2d 1163 (E.D. Cal.2010) ............................................ 12

*Sanguinetti v. CitiMortgage, Inc.,*
  2013 U.S. Dist. LEXIS 130129 (N.D. Cal. 2013) ............................6

*Settle v. World Sav. Bank, F.S.B.,*
  2012 U.S. Dist. LEXIS 4215 (C.D. Cal. 2012) ........................... 5, 7

iii

*Shepherd v. Am. Home Mortg. Servs.*
2009 U.S. Dist. LEXIS 108523, at *6 (E.D. Cal. 2009) ......................................... 13

*Valenzuela v. Wells Fargo Bank Nat. Ass'n*,
2014 WL 309438 (E.D. Cal., Jan. 28, 2014) ...................................................... 13

*Watkinson v. MortgageIT, Inc.*,
U.S. Dist. LEXIS 53540 (S.D. Cal. 2010) ........................................................7

**California Cases**

*Advanced Choices, Inc. v. Dep't of Health Servs.*,
182 Cal. App. 4th 1661 (2010) ..................................................... 11

*Alvarez v. BAC Home Loans Servicing, L.P.*,
228 Cal. App. 4th 941 (Aug. 7, 2014) ......................................... 6, 7

*Carma Developers, Inc. v. Marathon Development Inc.*,
2 Cal. 4th 342 (1992) ...................................................... 10

*Civic Western Corp. v. Zila Indus., Inc.*,
66 Cal.App.3d 1 (1977)........................................................ 12

*Durell v. Sharp Healthcare*,
183 Cal. App. 4th 1350 (2010) ..................................................... 10

*Farmers Ins. Exch. v. Super. Ct.*,
2 Cal.4th 377 (1992) ........................................................8

*Glue-fold, Inc. v. Slautterback Corp.*,
98 Cal.Rptr. 2d 611 (2000) ..................................................... 12

*Ingels v. Westwood One Broad. Servs., Inc.*,
129 Cal. App. 4th 1050 (2005) ....................................................8

*Janis v. California State Lottery Com.*,
68 Cal.App.4th 824 (1998) ..................................................... 12

*Khoury v. Maly's of Cal., Inc.*,
14 Cal. App. 4th 612 (1993) ....................................................8

*Korea Supply Co. v. Lockheed Martin Corp.*,
29 Cal. 4th 1134 (2003) ........................................................8

*Kritzer v. Lancaster,*
    96 Cal.App.2d 1 (1950)...................................................................... 12

*Lueras v. BAC Home Loans Servicing, LP,*
    221 Cal. App. 4th 49 (2013) ................................................................6

*Mendoza v. City of L.A.,*
    66 Cal. App. 4th 1333 (1998) ..............................................................5

*Nymark v. Heart Fed. Sav. & Loan Ass'n,*
    231 Cal. App. 3d 1089 (1991) ........................................................ 5, 13

*Perlas v. GMAC Mortg., LLC,*
    187 Cal. App. 4th 429 (2010) ............................................................ 13

*Software Design & App., Ltd. v. Hoefer & Arnett, Inc.,*
    49 Cal. App. 4th 472 (1996) ................................................................5

*St. James Church of Christ Holiness v. Sup. Ct,*
    135 Cal.App.2d 352 (1955) ............................................................... 12

*Verdier v. Sup. Ct.,*
    88 Cal.App.2d 527 (1948) ................................................................. 12

**California Statutes**

California's Unfair Competition Law (Cal. Bus. & Prof. Code
    § 17200 *et seq.*) .................................................................................8

**Other Authorities**

Fed. R. Evid. 201(b)............................................................................1

Federal Rules of Civil Procedure Rule 9(b).............................. 2, 3, 4

Federal Rules of Civil Procedure Rule 12(b)(6) ......................... 1, 2

Local Rule 7-3 .....................................................................................2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This lawsuit represents Plaintiff's attempt to seek loan terms upon which the parties did not agree at the inception of the loan.  Plaintiff Virginia Fernandez ("Plaintiff") was unable to make her payments, and rather than realize she entered into a loan above her means, she instead chose to place the blame solely on her lender, Defendant Bank of America, N.A. ("BANA"), even after she obtained a modification in which over $480,000.00 of her loan was permanently forgiven. Plaintiff has brought six claims against BANA, and as detailed below, not a single claim can survive.

### II.   STATEMENT OF FACTS

Plaintiff obtained a loan in the amount of $700,000.00 on September 5, 2006, which was secured by a deed of trust  issued on the real property located at 5621 Ridgebury Drive, Huntington Beach, California 92649.  *See* Ex. A.[1]

Plaintiff admits that she could not sustain the full monthly payments under the terms of her loan.  Compl., ¶ 6.  Subsequently, in May 2013, Plaintiff was offered a three-month Trial Period Plan ("TPP").  Under the terms of the TPP, Plaintiff was to make three trial monthly payments as one requirement to receive a permanent loan modification.  Plaintiff alleges that she made her trial payments in July, August, and

---

[1] Exhibit A attached hereto is a true and correct copy of a Deed of Trust, dated September 5, 2006, and recorded in the Official Records of the Orange County Clerk-Recorder's Office on September 15, 2006 as Document No. 2006000617752. Judicial notice of this document is appropriate because it is a true and correct copy of an official public record of the County of Orange, California, and its authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  Fed. R. Evid. 201(b); *Gamboa v. Tr. Corps & Cent. Mortg. Loan Svcg. Co.*, 2009 U.S. Dist. LEXIS 19613, at *4-10 (N.D. Cal. Mar. 12, 2009) (Court took judicial notice of recorded documents related to foreclosure sale, including grant deed and deed of trust).

1 September of 2013, but that when she received her permanent modification on or
2 about September 10, 2013, the terms of the permanent modification were "vastly
3 different" from the TPP terms. *Id.*, ¶¶ 7-8.

4       Plaintiff then demanded that her permanent modification reflect her TPP.
5 Compl., ¶ 10. Nevertheless, Plaintiff accepted the permanent modification. Based
6 upon this set of facts, Plaintiff has brought the instant lawsuit, alleging six different
7 causes of action.

8 **III.   STANDARD OF REVIEW**

9       Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a
10 complaint for "failure to state a claim upon which relief can be granted." In ruling
11 on a motion to dismiss, all of the well-pleaded factual allegations in a plaintiff's
12 complaint must be accepted "as true and construed in the light most favorable to a
13 non-moving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir.
14 1996). However, a court is not required to accept "as true conclusory allegations
15 that are contradicted by documents referred to in the complaint." *Manzarek v. St.*
16 *Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Further, a
17 complaint "must contain sufficient factual matter, accepted as true, to state a claim
18 to relief that is plausible on its face. A claim has facial plausibility when the
19 pleaded factual content allows the court to draw the reasonable inference that the
20 defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663
21 (2009) (internal quotations and citations omitted). Finally, the factual allegations
22 must be enough to raise a right to relief above the speculative level. *See Bell Atl.*
23 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

24 **IV.   PLAINTIFF'S FRAUD CLAIM MUST FAIL.**

25       To state a claim for fraud, a plaintiff must allege: (1) a misrepresentation; (2)
26 knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting
27 damages. *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086,
28 1093-94 (C.D. Cal. 1999). Under Rule 9(b) of the Federal Rules of Civil Procedure,

1  fraud allegations are subject to a higher pleading standard and must be specifically

2  pleaded. *Id.*

3      Further, Rule 9(b) requires plaintiffs alleging fraud against a corporate entity

4  to specifically allege: (1) the misrepresentation, (2) the speaker and his or her

5  authority to speak, (3) when and where the statements were made, (4) whether the

6  statements were oral or written, (5) if statements were written, the specific

7  documents containing the representations, and (6) the manner in which the

8  representations were allegedly false or misleading. *Moore v. Kayport Package*

9  *Express, Inc.*, 885 F.2d 531, 549 (9th Cir. 1989).

10      Plaintiff's fraud claim is predicated upon the fact that, in 2013, she was

11  offered a three-month trial period plan ("TPP"), but that after making her three

12  payments, the terms of the permanent modification offered to her were different than

13  the terms of the TPP. Compl., ¶¶ 17-18. This purported "misrepresentation" is

14  belied by the documents attached to Plaintiff's Complaint. Specifically, the TPP

15  offer reads:

16      Please note that the amount(s) shown are estimates only based
17      on the current status of your loan. Additional payment or
         advance activity during the trial plan period may result in
18      changes to these estimates. Once you successfully complete
         your Trial Period Plan payments, you will receive a permanent
19      modification agreement that includes specific amounts and
20      terms.

21  Compl., Ex. A.

22      Accordingly, any belief on the part of Plaintiff that the TPP figures would

23  constitute the precise terms of her permanent modification is patently unreasonable.

24  In fact, Plaintiff ***admits*** that she had "no way of knowing how the monthly payments

25  would be calculated, as the TPP failed to provide that information." Compl, ¶ 18.

26  Thus, Plaintiff has not asserted any misrepresentation made by BANA.

27

28

1   As the representations made by BANA were not false, Plaintiff cannot assert
2   that BANA had knowledge of the falsity, or that BANA acted with the intent to
3   defraud.

4   In addition, Plaintiff has not alleged that she took any action in justifiable
5   reliance on any purported misrepresentation.  She simply alleges, in a conclusory
6   manner, that "[i]n justifiable reliance on these representations, Plaintiff agreed to the
7   refinance loan, but had Plaintiff known the actual facts, she would not have taken
8   such actions."  Compl., ¶ 21.  However, Plaintiff's Complaint shows that she was
9   offered a TPP, in which the offer explicitly stated that upon completion of the TPP,
10  the permanent modification offer would contain the new terms of her modified loan.
11  Compl., Ex. A.  When this occurred, exactly as presented in the TPP, she received
12  her loan modification as promised.  The "actual facts" were that the TPP was not
13  intended to reflect the terms of a future permanent modification, and Plaintiff was
14  informed of this on the very face of her TPP offer.

15  Furthermore, Plaintiff has not sufficiently pleaded that she suffered any
16  resultant harm.  Just as with her allegations of reliance, her allegations of damages
17  are wholly conclusory, and are not entitled to any weight.  In fact, as shown in
18  Plaintiff's Complaint, by completing the TPP and entering into the permanent loan
19  modification, Plaintiff had $481,692.35 on her original loan balance *permanently*
20  *forgiven*.  Compl., Ex. C, at 3.B.

21  Finally, Plaintiff has not met the heightened pleading standard under Rule 9(b)
22  for asserting a claim for fraud.  Plaintiff does not expressly allege what constituted a
23  misrepresentation, or how the purported statement was false or misleading.  Nor has
24  she sufficiently alleged detrimental reliance or damages.  Therefore, Plaintiff's claim
25  must fail.

26  **V.    PLAINTIFF'S NEGLIGENCE CLAIM MUST FAIL.**

27  Plaintiff's negligence claim is predicated upon the exact same allegations as
28  her fraud claim.  Specifically, she alleges that she was offered a TPP, complied with

4

the terms, actually received a permanent modification, but was somehow harmed because the terms varied from the TPP (the possibility of which was discussed in the TPP itself).  Compl., ¶ 24.

To state a claim for negligence, a plaintiff must plead: "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach; and (4) the plaintiff's injury." *Mendoza v. City of L.A.,* 66 Cal. App. 4th 1333, 1339 (1998).  "The existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1093 (1991).  The existence of such a duty is an issue that the Court can decide as a matter of law in the pleading stage. *Software Design & App., Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal. App. 4th 472, 478 (1996).

It is well established that a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction "does not exceed the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal. App. 3d at 1096; *see also McFadden v. Deutsche Bank Nat'l. Trust Co.*, 2011 U.S. Dist. LEXIS 91010, at *38 (E.D. Cal. 2011) ("[s]imilarly, a loan servicer . . . owe[s] no legal duty to a borrower in an arms-length transaction that would support a negligence claim.").

Plaintiff has offered no facts or allegations that could warrant distinguishing her relationship with BANA from that of a typical borrower-servicer relationship. California courts have repeatedly found that conduct related to the handling of a loan modification application does not remove the case from the general rule articulated in *Nymark* that a lender does not owe a duty of care to a borrower.  *See Settle v. World Sav. Bank, F.S.B.*, 2012 U.S. Dist. LEXIS 4215 (C.D. Cal. 2012) ("Numerous cases have characterized a loan modification as a traditional money lending activity.") (collecting cases).

This holding has been expanded, with courts holding that modifications are

among the *core* functions of a money lender, thus bringing placing loan

modification activities directly within the scope of the general rule articulated in

*Nymark. Deschaine v. IndyMac Mortg. Servs.*, 2013 U.S. Dist. LEXIS 163203, at

*18 (E.D. Cal. 2013) ("Outside of actually lending money, it is undebatable that

negotiating the terms of the lending relationship is one of the key functions of a

money lender.").  In addition, "a negligence claim does not rest on [a servicer's]

handling of the [borrowers'] documents to seek a loan modification." *Juarez v.

Suntrust Mortgage, Inc.*, 2013 U.S. Dist. LEXIS 67850, at *34 (C.D. Cal. May 13,

2013) (O'Neill, J.).[2]

---

[2] A recent California appellate decision was released, discussing a recent split of authority in the California Courts of Appeal as to whether lenders and/or servicers owe a duty of care in undertaking loan modification activities.  *See Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th  941, 947 nn. 6-7 (Aug. 7, 2014).

For the proposition that no duty is owed -- the position BANA asserts is the better reasoned and majority rule –the *Alvarez* Court, in discussing *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49 (2013), cites: *Armstrong v. Chevy Chase Bank, FSB*, 2012 U.S. Dist. LEXIS 144125, at *11-12 (N.D. Cal. 2012) ("[A] loan modification, which at its core is an attempt by a money lender to salvage a troubled loan, is nothing more than a renegotiation of loan terms.  This renegotiation is the same activity that occurred when the loan was first originated; the only difference being that the loan is already in existence.  Outside of actually lending money, it is undebatable that negotiating the terms of the lending relationship is one of the key functions of a money lender."); *Diunugala v. JP Morgan Chase Bank, N.A.*, 2013 U.S. Dist. LEXIS 144326, at *10 (S.D. Cal. 2013) ("Absent special circumstances, there is no duty for a servicer to modify a loan."); *Sanguinetti v. CitiMortgage, Inc.*, 2013 U.S. Dist. LEXIS 130129, at *17 (N.D. Cal. 2013) ("Loan modifications are part of the lending process, and negotiating a lending agreement's terms is one of a bank's key functions."); *Bunce v. Ocwen Loan Servicing, LLC*, 2013 U.S. Dist. LEXIS 100111, at *15 (E.D. Cal. 2013) (lender does not owe duty in loan modification activities); *Kennedy v. Bank of Am., N.A.*, 2012 U.S. Dist. LEXIS 58636, at *21-22 (N.D. Cal. 2012) (lender owes borrower no duty of care in process of approving loan modification); *Dooms v. Fed. Home Loan Mortg. Corp.*, 2011 U.S. Dist. LEXIS 38550, at *28 (E.D. Cal. 2011) ("The [lender] owed no duty of

1  Plaintiff only makes general unsupported allegations that she applied for a new

2  modification, but BANA gave her inconsistent updates and "dragged the Plaintiff

3  along through a slow, frustrating, redundant and fraudulent modification process."

4  Compl., ¶ 26.  This does not permit a finding a duty of care.  Accordingly, Plaintiff

5  has not alleged that BANA owed Plaintiff a duty of care with respect to offering her

6  a TPP or a permanent modification, or with respect to any other lending or servicing

7  activity.

8          Since Plaintiff cannot show that BANA owed her a duty of care, she also

9  cannot allege that BANA breached any such duty.  Furthermore, Plaintiff was

10  offered a permanent loan modification, which she accepted, and as a result over

11  $480,000 of her loan balance was *permanently* forgiven.  Compl., Ex. C.  Therefore,

12  she has not alleged that she suffered any harm.  Consequently, she fails to plead a

13  causal connection between a breach of a non-existent duty and her resulting lack of

14  harm.  A failure of a plaintiff to plead even one element of a negligence claim is

15  fatal to the cause of action.  Here, however, Plaintiff does not validly plead *any* of

16  the required elements of a negligence claim.  Accordingly, her claim must fail.

17  ─────────────────────────────────

18  care to [the borrower] arising from her default, property foreclosure, and loan
    modification attempts."); and *DeLeon v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist.

19  LEXIS 112941, at *12 (N.D. Cal. 2010) (defendant lender did not have a duty "to

20  complete the loan modification process".).

21  The *Alvarez* Court also cites cases supporting the contrary view that a duty of care
    exists – which BANA asserts is the minority position – citing: *Ansanelli v. JP*

22  *Morgan Chase Bank, N.A.*, U.S. Dist. LEXIS 32350, at *21-22 (N.D. Cal. 2011);
    *Watkinson v. MortgageIT, Inc.*, U.S. Dist. LEXIS 53540, at *23–24 (S.D. Cal.

23  2010); *Becker v. Wells Fargo Bank, N.A., Inc.*, 2012 U.S. Dist. LEXIS 170729, at

24  *34-35 (E.D. Cal. 2012); and *Garcia v. Ocwen Loan Servicing, LLC*, 2010 U.S.

25  Dist. LEXIS 45375, at *7-11 (N.D. Cal. 2010).  It should also be noted that
    *Ansanelli* is inconsistent with subsequent California case law which "characterize[]

26  a loan modification as a traditional money lending activity."  *Settle v. World Sav.*

27  *Bank, F.S.B., supra.*

28

7

1   **VI.    PLAINTIFF'S UNFAIR BUSINESS PRACTICES CLAIM FAILS.**

2          Next, Plaintiff alleges that BANA has violated California's Unfair

3   Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*) ("UCL").  A claim under

4   the UCL requires the allegation of ***particular*** facts showing ongoing unlawful,

5   unfair, and fraudulent business acts on the part of the defendant.  *Korea Supply Co.*

6   *v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003); *Khoury v. Maly's of Cal.,*

7   *Inc.*, 14 Cal. App. 4th 612, 619 (1993).

8          Instead of asserting any particular facts, Plaintiff simply presents a laundry

9   list of purported violations, including: (a) demanding charges and fees already

10  included in her permanent loan modification; (b) executing and recording false and

11  misleading documents; (c) revising a material term in the TPP without Plaintiff's

12  knowledge; (d) failing to comply with HAMP guidelines; (e) failing to properly

13  supervise employees; and (f) "[o]ther deceptive business practices."  Compl., ¶¶ 32-

14  32(f).

15         **A.     Plaintiff cannot state a Claim for "Unlawful" Acts or Practices.**

16         "[A]n action based on [the UCL] to redress an unlawful business practice

17  'borrows' violations of other laws and treats these violations … as unlawful

18  practices, independently actionable under section 17200 et seq. and subject to the

19  distinct remedies provided thereunder."  *Farmers Ins. Exch. v. Super. Ct.*, 2 Cal.4th

20  377, 383 (1992) (quotations and citations omitted).  If a claim cannot be stated under

21  the "borrowed" law, a UCL claim cannot be stated either.  *Ingels v. Westwood One*

22  *Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1060 (2005).

23         Here, Plaintiff has not properly alleged any violations of underlying statutes

24  upon which her UCL claim could stand.  Instead, she summarily concludes at the

25  end of her laundry list of violations that based upon this list, "Defendants have

26  violated several California laws and regulations."  Compl., ¶ 33.  Therefore, not

27  only does this fail to meet the "unlawful" standard, Plaintiff's allegations fail to

28

1  meet the particularity requirement under the UCL.  Accordingly, she has not stated a

2  claim for violation of "unlawful" acts or practices.

3        **B.**     **Plaintiff cannot state a Claim for "Unfair" Acts or Practices.**

4        To state a claim under the "unfair" prong of the UCL, a plaintiff must allege

5  that "(1) the consumer injury must be substantial; (2) the injury must not be

6  outweighed by any countervailing benefits to consumers or competition; and (3) it

7  must be an injury that consumers themselves could not reasonably have avoided."

8  *Delacruz v. Cytosport, Inc.*, 2012 U.S. Dist. LEXIS 51094, at *26 (N.D. Cal. 2012).

9  As with Plaintiff's other claims, Plaintiff fails to allege any actual injury.  Instead,

10 her list of generalized grievances, without any underlying factual support, fails to

11 show that any consumer injury even exists.  Accordingly, none of the elements of an

12 "unfair" claim can be met, as each requires a predicate injury.  Therefore, Plaintiff

13 cannot state a claim for "unfair" acts or practices.

14       **C.**     **Plaintiff cannot state a Claim for "Fraudulent" Acts or Practices.**

15       Finally, Plaintiff makes a single passing and nonspecific reference to

16 "fraudulent" acts or practices, alleging that "Defendants' practices described above

17 are likely to mislead the general public, and therefore, constitute a fraudulent

18 business act of [sic] practice within the meaning of [the UCL]."  Compl., ¶ 38.  This

19 bald conclusion lacks any particular facts necessary to support such a claim.

20       **D.**     **Plaintiff lacks Standing to assert a Claim under the UCL.**

21       In order for a plaintiff to assert a claim under the UCL under any prong after

22 the enactment of Proposition 64, the plaintiff must allege that she: (i) "suffered

23 injury in fact," and (ii) "lost money or property as a result of such unfair

24 competition."  *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 731-32 (9th Cir.

25 2007).  Plaintiff's generalized list of purported wrongs is not only deficient for

26 failing to allege any particularized facts, Plaintiff has not asserted that she suffered

27 any actual injury from any conduct contained therein.  *See, e.g.*, Compl., ¶¶ 33-39.

28

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES

1    Nor has Plaintiff alleged that she suffered a loss of any money or property as

2 a result of any acts under that list.  In fact, Plaintiff would be estopped from doing

3 so, as Plaintiff *actually* had over $480,000.00 written off of her loan obligation.

4 Compl., Ex. C.  Accordingly, Plaintiff lacks standing to assert any claims under the

5 UCL.

6 **VII.  PLAINTIFF'S CLAIM FOR BREACH OF THE IMPLIED**

7      **COVENANT OF GOOD FAITH AND FAIR DEALING FAILS.**

8    The elements of a cause of action for breach of the implied covenant of good

9 faith and fair dealing are: (1) the existence of a contract; (2) the plaintiff did all, or

10 substantially all, of the significant things the contract required; (3) the conditions

11 required for the defendant's performance had occurred; (4) the defendant unfairly

12 interfered with the plaintiff's right to receive the benefits of the contract; and (5) the

13 plaintiff was harmed by the defendant's conduct.  *Carma Developers, Inc. v.*

14 *Marathon Development Inc.,* 2 Cal. 4th 342, 371-75 (1992).  Moreover, the implied

15 covenant "cannot impose substantive duties or limits on the contracting parties

16 beyond those incorporated in the specific terms of their agreement."  *Durell v. Sharp*

17 *Healthcare*, 183 Cal. App. 4th 1350, 1369 (2010).

18    As in Plaintiff's other causes of action, Plaintiff mistakenly claims that she

19 was harmed when she received a permanent modification – one which wrote off

20 over $480,000.00 of her total loan balance – because the permanent modification

21 differed from her TPP.  Compl., ¶¶ 42-43.  Again, as stated on the face of the TPP,

22 the terms contained therein were not meant to be identical to the terms of a future

23 permanent modification.  Compl., Ex. C.  Accordingly, BANA did not unfairly

24 interfere with Plaintiff's right to receive the benefits of the contract, and Plaintiff did

25 not suffer any resulting harm.

26    In addition, Plaintiff makes a fleeting reference to a further loan modification

27 that she purportedly entered into in 2013, "under the threat of foreclosure."  Compl.,

28 ¶ 46.  However, Plaintiff does not plead the existence of a valid contract, as required

1  for an implied covenant claim.  Instead, after pleading that she was forced to enter

2  into this second loan modification, she states in the ***very same paragraph*** that "when

3  they [sic] applied, Plaintiff was denied.  In this manner, Defendants further breached

4  their duty of good faith and fair dealing." *Id.*  If Plaintiff was denied a loan

5  modification, then she could not have been a party to an actual contract, and this

6  claim fails.

7  **VIII.  PLAINTIFF'S PROMISSORY ESTOPPEL CLAIM FAILS.**

8        Next, Plaintiff asserts a claim for promissory estoppel.  Promissory estoppel

9  requires: "(1) a promise clear and unambiguous in its terms; (2) reliance by the party

10  to whom the promise is made; (3) [the] reliance must be both reasonable and

11  foreseeable; and (4) the party asserting the estoppel must be injured by his reliance."

12  *Advanced Choices, Inc. v. Dep't of Health Servs.*, 182 Cal. App. 4th 1661, 1672

13  (2010).

14        Plaintiff fails to allege a clear and unambiguous promise.  Instead, she alleges

15  that the "clear and unambiguous promise is ***impliedly*** understood the Defendant

16  would draft an equitable loan modification for the Plaintiff."  Compl., ¶ 49

17  (emphasis added).  Plaintiff does not actually state the clear promise, and it defies

18  logic to allege that a clear unambiguous promise would be implied.  Instead,

19  Plaintiff alleges, in the same paragraph, that "Defendant promised that Plaintiff

20  qualified for a modification." *Id.*  If Plaintiff asserts that ***this*** constitutes the clear

21  and unambiguous promise, then BANA fully performed pursuant to the promise –

22  Plaintiff did qualify for a loan modification, and she in fact received one but did not

23  like the terms.  Compl., Ex. C.

24        Even if Plaintiff's purported reliance – that she "committed to the laborious

25  process of negotiating a loan modification" (Compl., ¶ 52) – was sufficient to

26  support her promissory estoppel claim, Plaintiff has not alleged that she was injured

27  whatsoever by this purported reliance. *See* Compl., ¶¶ 49-53.  Thus, her claim must

28  fail.

## IX.   PLAINTIFF'S ACCOUNTING CLAIM FAILS.

An accounting "is a proceeding in equity for the purpose of obtaining a judicial settlement of the accounts of the parties in which proceeding the court will adjudicate the amount due, administer full relief and render complete justice." *Verdier v. Sup. Ct.*, 88 Cal.App.2d 527, 531 (1948). An accounting is not required where the amount in dispute is certain or ascertained by a simple calculation. *St. James Church of Christ Holiness v. Sup. Ct*, 135 Cal.App.2d 352, 359 (1955); *see also Civic Western Corp. v. Zila Indus., Inc.*, 66 Cal.App.3d 1, 14 (1977); *Coyotzi v. Countrywide Financial Corp.*, Case No. CV F 09-1036 LJO SMS, 2009 WL 2985497, *22-23 (E.D. Cal., Sept. 16, 2009). An accounting is proper where Plaintiff is a "wronged fiduciary." *Glue-fold, Inc. v. Slautterback Corp.* 98 Cal.Rptr. 2d 611, 663 n. 3 (2000); *Kritzer v. Lancaster*, 96 Cal.App.2d 1, 6 (1950). Moreover, "[a] right to an accounting is derivative; it must be based on other claims." *Janis v. California State Lottery Com.*, 68 Cal.App.4th 824, 833-834 (1998). Finally, Plaintiff, "as the party owing money, not the party owed money, has no right to seek an accounting." *Quinteros v. Aurora Loan Services*, 740 F.Supp.2d 1163, 1170 (E.D. Cal.2010).

Plaintiff's alleged cause of action for an accounting fails as a matter of law because any "accounts" at issue are not sufficiently complex, there exists no fiduciary relationship, Plaintiff's other causes of action all fail, and Plaintiff, as a debtor, lacks standing. Plaintiff's cause of action for accounting is based on a standard mortgage contract. As the party owing money under the Note and DOT, Plaintiff has no standing to seek an accounting. *Quinteros*, 740 F.Supp.2d at 1170. Second, the account at issue is not sufficiently complex to demand an accounting. The account is a standard mortgage loan, and the amount in dispute is plainly stated in the DOT. *Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1192 (N.D. Cal. 2009) (dismissing claim for accounting of mortgage loan for lack of

1  sufficient complexity where amount plaintiff owed was stated in recorded
2  documents).

3        Third, BANA, as a mortgage servicer, does not owe Plaintiff a fiduciary duty.
4  *Nymark*, 231 Cal.App.3d at 1096; *Shepherd v. Am. Home Mortg. Servs.*, 2009 U.S.
5  Dist. LEXIS 108523, at *6 (E.D. Cal. 2009).  Ordinarily, a plaintiff must
6  demonstrate a fiduciary relationship between herself and the defendant as well as
7  refer to a sum owed to her by the defendant in order to successfully bring a claim in
8  equity for an accounting."  *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F. Supp.
9  2d 1039, 1043 (N.D. Cal. 2009).  Further, "absent special circumstances . . . a loan
10  transaction is at arm's length and there is no fiduciary relationship between the
11  borrower and lender."  *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429, 437
12  (2010).  Where there is no fiduciary relationship, as is the case here, there can be no
13  cause of action for accounting.  Finally, Plaintiff's accounting claim must fail as it is
14  wholly derivative of the other failed causes of action.  *See Valenzuela v. Wells*
15  *Fargo Bank Nat. Ass'n*, Case No. CV F 13-1620 LJO JLT, 2014 WL 309438, *23
16  (E.D. Cal., Jan. 28, 2014) (accounting claim by borrower dismissed because the
17  complaint lacked factual support and was derivative of other failed claims).
18  Accordingly, the Court should dismiss the cause of action for an accounting with
19  prejudice.
20  ///
21  ///

22  **X.  CONCLUSION**

23        For the above reasons, Plaintiff cannot state a single actionable claim against
24  BANA.  Therefore, Bank of America, N.A. respectfully requests that the Court grant
25  the instant motion to dismiss.  Further, as Plaintiff's claims cannot be rescued
26  through amendment, Bank of America, N.A. requests that the Court dismiss
27  Plaintiff's action with prejudice.
28

1  DATED: December 12, 2014          Respectfully Submitted,

2

3                                   MCGUIREWOODS LLP

4

5                                   By:     /s/ Adam F. Summerfield

6                                           Adam F. Summerfield
                                            Attorneys for Defendant
7                                           BANK OF AMERICA, N.A.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BANK OF AMERICA, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS;
MEMORANDUM OF POINTS AND AUTHORITIES

1
<u>**CERTIFICATE OF SERVICE**</u>

2
    I hereby certify that on December 12, 2014, I electronically filed the

3
foregoing document entitled **BANK OF AMERICA, N.A.'S MOTION TO**

4
**DISMISS PLAINTIFFS' COMPLAINT** with the Clerk of the Court for the

5
United States District Court, Central District of California using the CM/ECF

6
system and served a copy of same upon all counsel of record via the Court's

7
electronic filing system.

8

9
        By: /s/    *Adam F. Summerfield*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28